UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| MATTHEW SJOTHUN, | ) | CASE NO. 4:09 CV 1590 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| FEDERAL BUREAU OF PRISONS, | ) | AND ORDER |
| | ) | |
| Respondent. | ) | |

Pro se petitioner Matthew Sjothun filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Mr. Sjothun, who was incarcerated at the Federal Correctional Institute in Elkton, Ohio (F.C.I. Elkton),[1] brings this action against the Federal Bureau of Prisons (BOP) seeking reclassification.

*Background*

Petitioner states the BOP's General Counsel placed a Management Variable on his classification that changed his status in prison. This decision was allegedly based on information contained in petitioner's Presentence Investigative Report (PSR). The information is allegedly

---

[1] Since this petition was filed, Mr. Sjothun was transferred to Community Corrections Management (CCM) Minneapolis in Minnesota.

"based on a statement contained in the . . . PSR which was made prior to his conviction[,] but was never considered by the U.S. Attorney when prosecuting the case." Memorandum of Law and Facts (Doc. 1-1) at 2.

Mr. Sjothun claims that officials at the Federal Medical Center in Rochester, Minnesota recommended an "out-custody" status for him. The General Counsel's decision changed that to an "in-custody" classification status and "deprived him of the liberty interest where it affected his chances of being released to [a] halfway house soon to meet the 2009 fall sumester [sic] at Northwest Technical College where Sjothun is pursuing a career in Sales, Marketing and Management." Id. at 3. He adds he is injured by being "placed in a disciplinary federal institution in Elkton, Ohio dispite [sic] the fact that he has an outstanding post[-]rehabilitation record." Id.

Petitioner asserts it is futile for him to exhaust his administrative remedies. His basis for arguing futility rests on the belief that "there is no tribunal in the Federal [BO P] he is aware of that has the power to overturn a decision of the General Counsel, and that he would complete his sentence which would result in irreparable harm before he could obtain relief from the court." Id. at 2.

*Standard of Review*

Whether a writ of habeas corpus should be granted is dictated by 28 U.S.C. § 2243. The statute provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto.*

28 U.S.C. § 2243 (emphasis added). Based on the relevant facts before this court, Mr. Sjothun is

2

not entitled to habeas relief.

*Mootness*

Federal courts are always "under an independent obligation to examine their own jurisdiction," FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231(1990), and a federal court may not entertain an action over which it has no jurisdiction. See Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701 (1982). Under Article III of the United States Constitution, federal courts may adjudicate only actual, ongoing cases or controversies. Lewis v. Continental Bank Corp., 494 U.S. 472, 477(1990). For this court to sustain jurisdiction, it is not enough that a dispute was alive when Mr. Sjothun's habeas corpus petition was filed. He must continue to have an actual injury that is capable of being redressed by a favorable judicial decision. Id.

When events occur during the pendency of a case which render the court unable to grant the relief requested, mootness results. Berger v. Cuyahoga County Bar Ass'n, 983 F.2d 718, 724 (6th Cir. 1993). Mr. Sjothun's petition is now moot. Since the date on which he filed this petition, Mr. Sjothun has been under the control of a CCM program in Minnesota. "Community corrections staff develop and administer contracts for community-based correctional programs and serve as the [BOP]'s local liaison with the Federal courts, the U.S. Marshals Service, state and local corrections, and a variety of community groups." see Federal BOP, *Prison Facilities-Community Corrections* (2009), http://www.bop.gov/locations/cc/index.jsp. The Sixth Circuit has ruled that a prisoner's placement in a community based program during the pendency of a habeas corpus petition seeking earlier placement renders the petition moot, and falls outside the exception for cases capable of repetition but evading review. Brock v. U.S. Dept. of Justice, 256 F. App'x 748, 750 (6th Cir.

3

2007). Because he is currently in a facility supervised by a CCM Office in Minnesota, Mr. Sjothun's petition is now moot.[2]

### *Conclusion*

Based on the foregoing, the petition will be dismissed pursuant to 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of this Court shall send a copy of the within Memorandum of Opinion and Order by regular mail to Matthew Sjothun, #12314-041, c/o CCM Minneapolis Community Corrections Office, 300 South 4th St, Suite 1210, Minneapolis, MN 55415.

IT IS SO ORDERED.


Dated: February 10, 2010             /s/ John R. Adams
                                                  JOHN R. ADAMS
                                                  UNITED STATES DISTRICT JUDGE

---

[2] Because venue is determined at the time a petition is filed, this court has the authority to rule on this matter. See e.g. Cohen v. United States, 593 F.2d 766, 767 n. 2 (6th Cir.1979) (prisoner's unauthorized transfer does not affect court's subject matter jurisdiction over federal habeas case).